## H. C. WORMOTH *v.* COMMONWEALTH.

**Indictment for Forgery.**

> When in an indictment for forgery a party is charged with obtaining money by reason of the forgery, or where the forgery is perpetrated for that purpose, the indictment must allege the contents of the writing or at least the substance of the instrument that the court may know that the execution of the paper amounts to a forgery.

### APPEAL FROM MEADE CIRCUIT COURT.

June 20, 1882.

OPINION BY JUDGE PRYOR:

It is essential in an indictment for forgery when the party is charged with obtaining money by reason of the forgery, or where the forgery is perpetrated for that purpose, to allege the contents of the writing or at least the substance of the instrument that the court may know that the execution of the paper amounts to a forgery. It may not be such an instrument the signing of which would amount to a forgery. The allegation that the writing forged was a receipt is not sufficient as the legal effect of the writing must be determined by the court and not the pleader. The indictment in this case alleges that the accused "did unlawfully and feloniously make and forge a receipt for fourteen hundred dollars in money on Adams Express Company outward-way bill-book by writing therein the letter 'S' an initial letter which was the check mark used by Slaughter, the messenger of said company, to indicate the receipt of money by Slaughter, a fact known to the accused, and which letter when so written by said Wormoth did indicate the receipt of money by said Slaughter, done without authority, and with the intention to defraud the Adams Express Company." What fact is alleged in the indictment from

which the court can say that the letter "S" indicates the receipt of money or that the check mark appended to the bill-book if signed by the accused amounted to a forgery? The pleader says it was a forgery but this is a mere legal conclusion in entire absence of an averment of facts showing that a forgery had been committed. Such facts with reference to the fraud must be specifically alleged so as the court when reading the indictment can say that if the facts exist as alleged the party is guilty of the offense charged. It is not necessary under our system of pleading to set out the instrument in hac verba but enough must be stated to constitute the issue.

The facts upon which the commonwealth seeks a conviction are these: C. M. Slain was the local agent of Adams Express Company at Brandenburg and Slaughter was a messenger of the company upon a line of boats that ran to and from certain points on the Ohio River. It was the duty of Slain, the local agent, when a package was delivered to him, to forward the same by this messenger to its place of destination, or when delivered to the messenger he delivered it, if the place of delivery was in his travel to the consignee and if not he delivers it to the next messenger. When a package was delivered to the messenger he signed his initial, the letter "S" on what is called the "outward-way bill-book." This book has an entry made by the local agent showing of whom the package was received, its contents and the place of destination, and the consignee or name of the party to whom it is to be delivered. The messenger when he receives the package from the local agent appends his initial, the letter "S," to the paper describing the package and this evidences the fact of his having received it. The local agent received a package containing $1,400 from J. W. to be sent to Fayette Hewitt. Frankfort, who was the clerk of Slain, the local agent, transacted the business for Slain, and Wormoth instead of delivering the package to the messenger entered or had entered the description of the package in the way bill-book and appended thereto the initial letter "S" for the fraudulent purpose of showing that the messenger had received the money. This book was kept and used by the local agent to show what express matter was received by him, from whom and to whom to be forwarded and to further evidence the fact of his delivering the package to the messenger to be delivered to the party entitled. The money never reached its destination and hence the

indictment. There is no averment that the accused obtained the money by reason of the forgery nor a statement of facts that would amount to a forgery. The statements contained in the briefs filed by counsel, if admitted to be true, make out the case against the accused, but they must first appear in the pleadings so that an issue can be formed and the case properly heard. We do not mean to say that it is necessary to set forth all the entries in the way bill-book, but the entry this signature is said to have fraudulently made, should be set forth and in addition thereto the further allegation as to the purpose of the book and the entries therein.

The demurrer should have been sustained to the indictment and the judgment is for that reason *reversed.*

*C. C. Fairleigh, Lewis & Fairleigh, for appellant.*

*P. W. Hardin, M. A. & D. A. Sachs, for appellee.*